**KISOB LAW FIRM**
Apemwoyah Kisob Alaric-Lorenzo Esq. (SBN. 321507)
Alkisob@kisoblaw.US
Attorney and Counselor-at-Law
New York, California, Nigeria & Cameroon
KISOB LAW FIRM
3680 Wilshire Blvd Suite P 04-1147
Los Angeles CA 90010
Telephone:  7028634243
Fax:  2133838080

Attorney for Plaintiff

Ian Foye

# UNITED STATES DISCTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| Ian Foye<br><br>     **Plaintiff,**<br><br>     vs.<br><br>Akash Management, LLC d/b/a Arby's and DOES 1 Through 10, Inclusive.<br><br>     **Defendant(s)** | Case No.:<br><br>**COMPLAINT FOR:**<br><br>1. Violation of the ADA.<br>2. Discrimination in violation of the Unruh Civil Rights Act.<br>3. Negligent hiring, supervision or retention of employee. |

## INTRODUCTION

1. Plaintiff Ian Foye ("**Plaintiff**") brings this action to address discriminatory conduct he encountered at an Arby's restaurant owned and operated by Akash Management, LLC ("**Defendant**").

## PARTIES

2. At all times mentioned herein, Plaintiff has been domiciled in Riverside County, California.

3. Plaintiff is informed and believes and based thereon allege that at all times mentioned herein, Defendant Akash Management, LLC a company formed in Delaware doing business in Riverside County as Arby's.

4. Defendants' wrongful acts were committed in Riverside County, California. Plaintiff is yet to ascertain the true identities of Defendants sued herein as Does 1 through 10. Defendant Akash Management, LLC and DOE Defendants shall be referred to collectively as "**Defendants**."

5. Defendant Akash Management, LLC is liable for all tortious actions of its employees under the doctrine of Respondeat Superior. "An employer may be held vicariously liable for torts committed by an employee within the scope of employment." (*Mary M. v. City of Los Angeles* (1991) 54 Cal.3d 202, 208). The Plaintiff bears the burden of proving that the employee's tortious act was committed within the scope of employment. (*Mary M. v. City of Los Angeles* (1991) 54 Cal.3d 202.). There is no doubt that all discriminatory acts by Defendant's employees were carried out within the scope of their employment.

## JURISDICTION AND VENUE

6. This Court has subject matter jurisdiction because this action is brought pursuant to 28 U.S.C. § 1331 (federal question), as it arises under the Constitution and laws of the United States, and specifically pursuant to 28 U.S.C. §1343, as this action seeks redress for civil rights violations under (42 U.S. C. §§ 12181-12189) and its enacting regulations *et seq*.

7. Venue is proper in this judicial district because Defendants reside in, can be found in, transact business in, and/or maintain their principal offices in Riverside County and Defendants' wrongful acts were committed in Riverside County.

8. Plaintiff's claims for attorneys' fees and costs under federal law is predicated upon 42 U.S.C. § 1988, which authorizes the award of attorneys' fees and costs to prevailing plaintiffs in actions brought pursuant to 42 U.S. Code § 12205; 28 CFR § 36.505, which authorize the award of attorneys' fees and costs to prevailing plaintiffs in actions brought pursuant to 42 U.S. C. §§ 12181.

9. This Court has supplemental jurisdiction over Plaintiff's state-law claims pursuant to 28 U.S.C. § 1367, as they arise from the same case or controversy as Plaintiff's claims under federal law.

10. Plaintiff's claim for attorneys' fees and costs under state law is predicated upon California Civil Code § 52.1 and 52(a), which authorize the award of attorneys' fees and costs in an action brought under those statutes, and California Code of Civil Procedure § 1021.5, which authorizes the award of attorneys' fees and costs to prevailing plaintiffs whose actions vindicate important rights.

## FACTS COMMON TO ALL CAUSES OF ACTION

11. Upon information and belief and based thereon, Plaintiff Ian Foye, a disabled man, went into Arby's located at 72795 CA-111 Unit G1, Palm Desert, CA 92260 (the "**restaurant**") on March 15,

2024 with his service dog and was asked by an employee to keep his dog outside the restaurant. The employee also asked Plaintiff for paperwork showing that his dog is a service animal.

12. Upon information and belief, Plaintiff Ian Foye suffers from severe PTSD, Major Depressive Disorder, Complex Post Traumatic Stress Disorder ("CPTSD") and Clinical Depression which substantially limit at the very least, Plaintiff Ian Foye's brain function. The enabling regulations explicitly provide PTSD as an example of a disabling impairment, see 29 C.F.R. § 1630.2(j)(3)(iii) ("[I]t should easily be concluded that . . . [PTSD] . . . substantially limit[s] brain function."). For these reasons, Plaintiff uses a service animal, trained in deep compression techniques.

13. PTSD and other related conditions are impairments that substantially limit one or more major life activities. 42 U.S.C. § 12102: 28 C.F.R. § 36.105 (defining "disability" for purposes of Title III of ADA). Accordingly, Plaintiff Ian Foye has a disability within the meaning of 42 U.S.C. § 12102 (1 & 2) and 28 C.F.R. § 36.105.

14. Arby's is a public accommodation privately owned/controlled and/or operated by Akash Management, LLC.

15. When Plaintiff Ian Foye tried to explain to the employee, that a service animal can accompany their owners into a restaurant, the employee did not change his stance.

## FIRST CLAIM FOR RELIEF

## DISCRIMINATION IN VIOLATION OF THE ADA (42 U.S. C. §§ 12181-12189) AND ITS ENACTING REGULATIONS

(Brought By Plaintiff Against Defendant Akash Management, LLC)

16. Plaintiff hereby restates and incorporates by reference the preceding paragraphs as if set forth herein.

17. Title III of the Americans with Disabilities Act of 1990 (42 U.S.C. 12181–12189), as amended by the ADA Amendments Act of 2008 (ADA Amendments Act) (Public Law 110–325, 122 Stat. 3553 (2008)) and its implementing regulations prohibits discrimination on the basis of disability by covered public accommodations or commercial facilities.

18. The Department of Justice has issued regulations stating that, '[g]enerally, a public accommodation shall modify policies, practices, or procedures to permit the use of a service animal by

an individual with a disability.' 28 C.F.R. § 36.302(c)(1). By this regulation the Department of Justice intended that 'the broadest feasible access be provided to service animals in all places of public accommodation . . . .' 28 C.F.R. Pt. 36, App. B at 697." *Lentini v. California Ctr. for the Arts, Escondido*, 370 F.3d 837, 843 (9th Cir. 2004).

19. Title III of the ADA prohibits public accommodations from discriminating against an individual on the basis of disability in the full and equal enjoyment of its goods and services. 42 U.S.C. §§12182(a). Under Title Ill, a public accommodation must make reasonable modifications to its policies, practices, and procedures when necessary to avoid discrimination on the basis of disability, unless the entity can demonstrate that making the modifications would fundamentally alter the nature of the goods, services, facilities, privileges, advantages or accommodations of the public accommodation. 42 U.S.C. § 12182(b)(2)(A): 28 C.F.R. § 36.302(a & b). Note that a violation of the ADA is an automatic violation of the Unruh Civil Rights Act.

20. Plaintiff Ian Foye suffers from severe PTSD**,** Major Depressive Disorder, Complex Post Traumatic Stress Disorder ("**CPTSD**") and Clinical Depression which substantially limit at the very least, Plaintiff Ian Foye's brain function. The enabling regulations explicitly provide PTSD as an example of a disabling impairment, see 29 C.F.R. § 1630.2(j)(3)(iii) ("[I]t should easily be concluded that . . . [PTSD] . . . substantially limit[s] brain function."). For these reasons, Plaintiff uses a service animal, trained in deep compression techniques.

21. PTSD and other related conditions are impairments that substantially limit one or more major life activities. 42 U.S.C. § 12102: 28 C.F.R. § 36.105 (defining "disability" for purposes of Title III of ADA). Accordingly, Plaintiff Ian Foye has a disability within the meaning of 42 U.S.C. § 12102(1 & 2) and 28 C.F.R. § 36.105. The restaurant is a public accommodation privately owned/controlled and/or operated by Defendant.

22. Plaintiff Foye's service dog is not an extraordinarily big dog. There is no reason why he should not have been allowed in the restaurant with his dog.  Plaintiff asked to be allowed inside with his dog and was told no. The Restaurant cannot demonstrate that making such modifications would have fundamentally altered the nature of goods, services, facilities, privileges, advantages, or accommodations it offers. 42 U.S.C. § 12182(b)(2)(A)(ii).

## SECOND CLAIM FOR RELIEF

## VIOLATION OF THE UNRUH CIVIL RIGHTS ACT.

(Brought By Plaintiff Against All Defendants)

23. Plaintiff hereby restates and incorporates by reference the preceding paragraphs as if set forth herein.

24. California Civil Code § 51 (b) states, "All persons within the jurisdiction of this state are free and equal, and no matter what their sex, race, color, religion, ancestry, national origin, disability, medical condition, genetic information, marital status, sexual orientation, citizenship, primary language, or immigration status are entitled to the full and equal accommodations, advantages, facilities, privileges, or services in all business establishments of every kind whatsoever.

25. Cal. Civ. Code. § 51(f) states that a violation of the right of any individual under the federal Americans with Disabilities Act of 1990 (Public Law 101-336) shall also constitute a violation of [the Unruh Act].

26. § 52 (a) of the same code, states "(a) Whoever denies, aids or incites a denial, or makes any discrimination or distinction contrary to Section 51, 51.5, or 51.6, is liable for each and every offense for the actual damages, and any amount that may be determined by a jury, or a court sitting without a jury, up to a maximum of three times the amount of actual damage but in no case less than four thousand dollars ($4,000), and any attorney's fees that may be determined by the court in addition thereto, suffered by any person denied the rights provided in Section 51, 51.5, or 51.6.

27. The classes protected by the Unruh Civil Rights Act are illustrative, not exhaustive, as the Unruh Civil Rights Act is intended to protect all persons from arbitrary discrimination. *Vaughn v. Hugo Neu Proler Int'l.*, 223 Cal. App. 3d 1612, 1617 (1990); *O'Connor v. Village Green Owners Assn*., 33 Cal. 3d 790, 795 (1983).

28. Defendants discriminated against Plaintiffs because Plaintiff Foye is disabled. Defendants violated the Unruh Civil Rights Act as Plaintiff Ian Foye's disability was used as a distinction to deny Plaintiffs full and equal accommodations to services, facilities and privileges as all other customers.

29. Upon information and belief, Defendants also discriminated against Plaintiff when they

intentionally denied him access to the restaurant with his service dog even after Plaintiff Ian Foye informed the center's employee of his disability.

30. Defendants' actions were the only cause of Plaintiff's severe emotional harm. To be denied benefits or privileges based on disability is disastrous to the victim's mental well-being and has been in this case.

31. Unruh Civil Rights Act violations are per se injurious, *Koire* supra 40 Cal.3d 24, 33 [219 Cal.Rptr. 133, 707 P.2d 195. Over and above that minimum, to say Plaintiff was harmed is an understatement. He has been emotionally traumatized by the treatment that he was subjected to at the Center. Plaintiff Ian Foye believes that he would be targeted everywhere he goes because he is disabled.

## FOURTH CLAIM FOR RELIEF

## NEGLIGENT HIRING, TRAINING, SUPERVISION AND/OR RETENTION OF EMPLOYEE.

(Brought By all Plaintiffs Against Defendant Akash Management, LLC)

32. Plaintiff hereby restates and incorporates by reference the preceding paragraphs as if set forth herein.

33. Defendant Akash Management, LLC hired the employee who denied Plaintff access to the restaurant because Plaintiff Ian Foye is disabled. The employee is unfit or incompetent to perform the work for which he was hired as they clearly have animus against people with disabilities or are not well trained on how to accommodate people with disabilities. The employee even asked Plaintiff to show proof that his dog was a service animal. This shows significant lack of training.

34. Defendant knew or should have known that their employees were unfit or incompetent and that this unfitness or incompetence created a particular risk to others. The employee's unfitness or incompetence and animus harmed Plaintiff.

35. Defendant's negligence in hiring, training, retaining and/or supervising the employees was a substantial factor in causing Plaintiff the grievous emotional injury that he suffered and continues to suffer. Plaintiff cannot come to terms with why Plaintiff Ian Foye's disability should be a factor in determining whether or not they would be entitled to patronize the restaurant.

## PRAYER

**WHEREFORE**, Plaintiffs pray for judgment against Defendants as follows:

1. For general damages according to proof;
2. For compensatory damages of not less than $300,000.00 (Three hundred Thousand Dollars);
3. For punitive damages where allowed and according to proof;
4. For pre-judgment interest if allowed by law;
5. For costs of suit herein incurred;
6. For attorney's fees to the maximum extent allowed by law;
7. For declaratory and injunctive relief as to all claims for relief where allowed;
8. And for such other further relief as the court may deem proper.

Dated this 14th day of June 2024.

KISOB LAW FIRM

_____

Apemwoyah Kisob Alaric-Lorenzo Esq.

Attorney for the Plaintiff Ian Foye